Samuel L. Eilers
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Ste. 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: samuel_eilers@fd.org

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY WADE SWENSEN, JR.,<br><br>Defendant. | Case No. 3:21-cr-00057-TMB-MMS<br><br>**SENTENCING MEMORANDUM** |

## **RECOMMENDATION**

Timothy Wade Swensen, Jr., through counsel, requests a sentence of 360 months followed by a lifetime of supervised release with the myriad restrictive special conditions recommended in the PSR. This recommendation of 30 years in prison is reached after fair assessment of the § 3553(a) factors, mindful of the five-year consecutive sentence Mr. Swensen faces in 3AN-10-08592CR. Given the reprehensible nature of conduct in this case, the Court should resist the temptation of allowing the notion of protecting the public to eclipse all other sentencing factors where there is mitigation in Mr. Swensen's personal history, acceptance of responsibility, and the need to avoid unwarranted sentence disparities. Recognizing the parsimony principle's directive to impose a sentence "not greater than necessary," Mr. Swensen should be sent to prison for no more than 30 years, with SOMP rehabilitation, followed restrictive federal supervision for the rest of his life.

# SENTENCING FACTORS

Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to achieve the goals of sentencing.[1] "The Guidelines are not only ***not mandatory*** on sentencing courts; they are also not to be ***presumed*** reasonable."[2] "[T]he sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter."[3] The requested sentence of 30 years in prison is substantial, reflecting the seriousness of the offense and adequately addressing the need to protect the public while accounting for acceptance of responsibility, mitigated personal history, and disparity.

1. **History and Characteristics of Mr. Swensen**

Mr. Swensen suffered an organic traumatic brain injury at birth.[4] For the first three years of his life, he was exposed to pervasive domestic violence at home until his father abandoned him.[5] Mr. Swensen was then left with his mother, who had untreated mental health issues and abused him until he was about eight years old.[6] He was placed into foster care, bounced around to various mental health facilities, and sexually abused.[7]

---

[1] *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).
[2] *Nelson v. United States*, 555 U.S. 350, 352 (2009) (emphasis in original). *See also United States v. Gall*, 552 U.S. 38, 48-50 (2007); *Rita v. United States*, 551 U.S. 338, 350-51 (2007).
[3] *Nelson*, 555 U.S. at 351.
[4] PSR at ¶¶ 49, 52.
[5] PSR at ¶ 43.
[6] *Id*.
[7] *Id*. *See also* PSR at ¶¶ 42, 50, 52.

Mr. Swensen has confirmed diagnoses for major depressive disorder, ADHD, PTSD, oppositional defiance disorder, adjustment disorder, antisocial personality disorder, and a low IQ of 63.[8] As a likely consequence of his organic traumatic brain injury, he suffers from chronic migraines with symptoms severe enough to cause auditory and visual hallucinations.[9] Mr. Swensen persistently struggles with suicidal ideation and has been in and out of the hospital and mental health facilities throughout his life.[10] He lacks education and marketable skills and has had difficulty holding down entry-level, minimum-wage jobs for longer than a few months at a time.[11] Mr. Swensen has never been married and has no children.[12] At the time of his arrest, he was homeless.[13]

2. **Nature and Circumstances of the Offense, Seriousness of the Offense, Respect for the Law, and Just Punishment**

Mr. Swensen recognizes that his offense conduct in this case is extremely serious. The seriousness of the offense is reflected in the 50-year statutory maximum and Sentencing Guideline range, as well as the 25-year mandatory minimum he is subject to based on his prior state sex assault conviction in 3AN-10-08592CR. Following his arrest in this case, Mr. Swensen confessed, waived Indictment, and promptly pleaded guilty. However, his acceptance of responsibility has no impact on his ultimate Sentencing Guideline range. The proposed sentence of 360 months is undoubtedly substantial and

---

[8] PSR at ¶¶ 51-51a.
[9] See PSR at ¶¶ 48-49.
[10] Id.
[11] See PSR at ¶¶ 54-59.
[12] PSR at ¶ 44.
[13] PSR at ¶ 45.

adequately reflects the seriousness of the offense. Following his release many years from now, Mr. Swensen will be subjected to a remaining lifetime of restrictive federal supervision with significantly more resources and therefore rigor than state probation. For these reasons, a sentence of no more than 360 months adequately addresses the need to protect the public, which is just one factor among many that the Court must consider.

3. **Adequate Deterrence to Criminal Conduct**

Empirical research shows no relationship between sentence length and deterrence.[14] Overall, research shows that potential criminals are not generally aware of penalties for their prospective crimes, do not believe they will be apprehended and convicted, and simply do not consider sentence consequences in the manner one might expect of rational decision makers.[15] "There is generally no significant association between perceptions of punishment levels and actual levels . . . implying that increases in punishment levels do not routinely reduce crime through general deterrence mechanisms."[16] For these reasons, a sentence of no more than 360 months is appropriate. No evidence supports the argument that people in Mr. Swensen's shoes before and during the commission of the offense will pay attention to the sentence in this case and be affected by it. In general, sex offenders know that they could be sent to prison if caught. A prison sentence will not send a message to anyone about the consequences of

---

[14] *See* Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research, 28-29 (2006).
[15] *See id.*
[16] Gary Kleck, et al, *The Missing Link in General Deterrence Theory*, 43 Criminology 623 (2005).

*United States v. Timothy Wade Swensen, Jr.*
Case No. 3:21-cr-00057-TMB-MMS                                                                        Page 4

committing a sex offense of this type. General deterrence will be achieved with a sentence of 360 months. The public will understand the lasting damage that this type of conduct creates, and Mr. Swensen will be deterred from recidivating in the future.

### 4. Avoid Unwarranted Sentence Disparities

In determining the appropriate sentence, the Court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[17] In assessing this factor, the PSR references "Judiciary Sentencing Information" in asserting that the median length of imprisonment for offenders in Criminal History Category V who are sentenced with the maximum Base Offense Level of 43 under U.S.S.G. § 2G2.1 is 409 months.[18] The precise source for the PSR's statistical analysis—which was not included in the Draft PSR—remains unclear to defense counsel. However, according to the United States Sentencing Commission, the nationwide median length of imprisonment for an offender in Criminal History Category V sentenced under U.S.S.G. § 2G2.1 during the same timeframe (FY 2017-2021) is 352 months.[19] While these offenders in Criminal History Category V surely have varying prior convictions, which may or may not include prior sex offenses, it is worth noting that Mr. Swensen's Criminal History Category is enhanced from III to V by virtue of his prior

---

[17] 18 U.S.C. § 3553(a)(7).
[18] PSR at 3.
[19] *See* United States Sentencing Commission, Interactive Data Analyzer, Average and Median Sentence Length, 2016-2020, Guideline § 2G2.1, Criminal History Category I, *available at* https://ida.ussc.gov/analytics/saw.dll?Dashboard (last accessed August 1, 2022).

*United States v. Timothy Wade Swensen, Jr.*
Case No. 3:21-cr-00057-TMB-MMS                                                                              Page 5

sex offense pursuant to U.S.S.G. § 4B1.5(a)(2).[20] It is also worth noting that none of these statistics differentiate between offenders who have been convicted after trial and those who have accepted responsibility and pleaded guilty—like Mr. Swensen—with no effect on his maximum Base Offense Level of 43. With all this in mind, a sentence of no more than 360 months adequately addresses the need to avoid unwarranted sentence disparities.

## CONSECUTIVE TERM OF IMPRISONMENT

Mr. Swensen is facing an anticipated term of imprisonment in Alaska state case 3AN-10-08592CR.[21] In that unrelated case, Mr. Swensen received an original nine-year sentence with four years suspended in 2011 and is therefore facing five years in prison for violating probation based on his conviction in the instant case. The state sentence will be run consecutive to the term of imprisonment in this unrelated federal case. Nevertheless, the Court would be well within its discretion to be mindful of this anticipated consecutive five-year prison term—under the constellation of factors—in determining that a sentence of no more than 360 months is appropriate.

## BOP DESIGNATION

The BOP recognizes sex offenders as a vulnerable population within a prison setting. "Institutional assignment, unit management, Psychology Treatment Programs, and re-entry planning promote the well-being of sex offenders while incarcerated and help both the offenders and society by reducing the likelihood of re-offence after

---

[20] PSR at ¶ 36.
[21] PSR at ¶ 33.

*United States v. Timothy Wade Swensen, Jr.*
Case No. 3:21-cr-00057-TMB-MMS                                                                                                  Page 6

Case 3:21-cr-00057-TMB-MMS   Document 65   Filed 08/01/22   Page 6 of 8

release."[22] Sex Offender Management Programs (SOMP) are provided at designated institutions and include both residential and non-residential treatment. This treatment "involves high intensity programming" where participants "learn basic skills and concepts to help them understand their past offenses [and] benefit from a therapeutic community . . . where they work to reduce their risk of future offending."[23] Mr. Swensen requests that the Court recommend his designation to a SOMP institution "to provide . . . correctional treatment in the most effective manner."[24]

## CONCLUSION

Mr. Swensen asks the Court to impose a sentence of no more than 360 months in prison following his decision to plead guilty and accept responsibility for his crimes. The proposed sentence is undoubtedly substantial and adequately reflects the seriousness of the offense and need to protect the public, especially in light of the five-year consecutive prison sentence he is expected to receive in 3AN-10-08592CR. A sentence of no more than 30 years in prison also accounts for mitigated aspects of Mr. Swensen's history and characteristics, as well as the need to avoid unwarranted sentence disparities. Upon release from prison, Mr. Swensen will be subject to restrictive federal supervision for the remaining years of his life. For the reasons above, a sentence of 360 months, or 30 years, is "sufficient, but not greater than necessary," after fairly assessing the § 3553(a) factors.

---

[22] Federal Bureau of Prisons, Custody & Care, Sex Offenders, *available at* https://www.bop.gov/inmates/custody_and_care/sex_offenders.jsp.
[23] *Id.*
[24] 18 U.S.C. § 3553(a)(2)(D).

*United States v. Timothy Wade Swensen, Jr.*
Case No. 3:21-cr-00057-TMB-MMS                                                                                    Page 7

DATED at Anchorage, Alaska this 1st day of August, 2022.

Respectfully submitted,

*/s/ Samuel L. Eilers*
Samuel L. Eilers
Assistant Federal Defender
Counsel for Mr. Swensen

Certificate of Service:
I, Samuel L. Eilers, hereby certify I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on August 1, 2022. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Samuel L. Eilers*